

20-CV-456

JS 44 (Rev. 02/19)

## CIVIL COVER SHEET

20   456

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery and Kathy Rumer, DO FACOS | John Doe 1 and Jane Doe 1 |

| (b) County of Residence of First Listed Plaintiff   Montgomery *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Unknown *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
|---|---|

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Rogers Castor, 26 E. Athens Avenue, Ardmore PA 19003 610-649-1880 | Attorneys *(If Known)* |
|---|---|

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1322

Brief description of cause:
slander

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

### VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

| DATE 01/21/2020 | SIGNATURE OF ATTORNEY OF RECORD *Brian F. Nun* | JAN 23 2020 |
|---|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



**CFK**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**2 0     456**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __105 Ardmore Avenue, Ardmore PA 19003_____

Address of Defendant: _____Unknown_____

Place of Accident, Incident or Transaction: _____Pennsylvania_____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___January 23, 2020_____  _____  87546/324891_____
*Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☒ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Brian Newman_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

JAN 23 2020

DATE: ___January 23, 2020_____  _____  87546/324891_____
*Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY 105 Ardmore Avenue Ardmore, PA 19003 <br><br> and <br><br> KATHY RUMER, DO, FACOS 105 Ardmore Avenue Ardmore, PA 19003        Plaintiffs <br><br>      v. <br><br> JOHN DOE 1 Unknown Name Unknown Address        First Defendant <br><br>     and <br><br> JANE DOE 1 Unknown Name Unknown Address        Second Defendant | CIVIL ACTION    **20**     **456** <br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiffs, Delaware Valley Aesthetics, PLLC, d/b/a Rumer Cosmetic Surgery,

and Kathy Rumer, DO, FACOS, by and through their counsel, ROGERS CASTOR, hereby

brings this action at law and respectfully aver the following facts:

## I.      THE PARTIES

1.      First Plaintiff, Delaware Valley Aesthetics, PLLC, is a professional

limited liability company, organized and existing under the laws of the Commonwealth of

Pennsylvania, with a registered place of business at 105 Ardmore Avenue, Ardmore,

Montgomery County, Pennsylvania. Delaware Valley Aesthetics, PLLC, is known to the public and conducts business under the registered fictitious name Rumer Cosmetic Surgery (First Plaintiff will hereinafter be referred to as "Rumer Cosmetics").

2.      Second Plaintiff, Kathy Rumer, DO, FACOS (hereinafter "Dr. Rumer") is an adult individual maintaining a principal place of business at 105 Ardmore Avenue, Ardmore, Montgomery County, Pennsylvania. Kathy Rumer is a Doctor of Osteopathic Medicine ("DO") and Fellow of the American College of Osteopathic Surgeons ("FACOS"). Dr. Rumer practices medicine at Rumer Cosmetics.

3.      First Defendant, John Doe 1, is believed to be an adult individual, the identity and address of whom is unknown at this time. Plaintiffs intend to determine John Doe 1's identity and address through further discovery and will amend this Complaint accordingly upon receiving said information.

4.      Second Defendant, Jane Doe 1, is believed to be an adult individual, the identity and address of whom is unknown at this time. Plaintiffs intend to determine Jane Doe 1's identity and address through further discovery and will amend this Complaint accordingly upon receiving said information.

## II.     JURISDICTION

5.      Jurisdiction is founded upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. § 1322, in that Plaintiffs are citizens and residents of the Commonwealth of Pennsylvania, and Defendants are believed, and therefore averred, to be citizens of a state other than Pennsylvania; and the amount in controversy exceeds $75,000.00.

2

### III.   FACTS

6.      Rumer Cosmetics, through Dr. Rumer, offers a host of cosmetic surgeries to potential patients, the majority of which focus on altering the body, such as nose surgery, breast implants, injectable fillers/Botox, hair restoration, etc.

7.      Of the services offered by Rumer Cosmetics, Dr. Rumer is most renowned as a leading aesthetic and reconstructive plastic surgeon specializing in gender reassignment surgery. This includes both male to female surgeries (of which Dr. Rumer performs 200-250 every year) and female to male surgeries (of which Dr. Rumer performs more than 150 every year).

8.      Patients travel from all across the United States to receive gender reassignment surgery at Rumer Cosmetics because of Dr. Rumer's stellar track record and reputation for excellence.

9.      Rumer Cosmetics derives a bulk of its annual income from said gender reassignment surgeries, and the success of its business can be attributed to the reputation of Dr. Rumer in both the medical and lay-person communities.

10.     In or around 2019, Dr. Rumer discovered a website known as "Kathy Rumer's Anonymous" a blog dedicated to "Chasing the #ButcherofArdmore." The URL of said website is: rumersanonymous.blogspot.com (hereinafter the "Website").

11.     The Website is maintained and edited by John Doe 1 and/or Jane Doe 1 with the goal of tarnishing Dr. Rumer and Rumer Cosmetic's reputation in the medical community as well as her reputation amongst potential clients.

12.     John Doe 1 and/or Jane Doe 1, have updated the Website making claims such as, *inter alia*:

3

(a)     That a quote in an advertisement for Dr. Rumer's service was not real. John Doe 1 and/or Jane Doe 1 attributed said quote to a fake client, thus implying Dr. Rumer / Rumer Cosmetics lied in an advertisement.

(b)     Claiming that Dr. Rumer stormed out of a surgery room demanding her staff to "deal with it" because her patient was having an anxiety attack.

(c)     Claiming that Dr. Rumer instructed a patient to cut off a portion of her own labia with scissors.

(d)     Labeling Dr. Rumer the Butcher of Ardmore, thereby implying she repeatedly fails surgeries and "butchers" clients.

(e)     Posting Dr. Rumer's home address, when she does not disclose such information to her patients.

(f)     Labeling surgeries as "botched" without supporting facts.

(g)     Many other claims that are made with either knowledge of their falsity and/or recklessness as to their veracity with the intention of injuring Plaintiffs' reputation.

13.     In addition to the above, John Doe 1 and/or Jane Doe 1 have sent threatening emails to Dr. Rumer and Rumer Cosmetics. For example, on January 5, 2020, Dr. Rumer received an email from "rualooker555@gmail.com" that provided as follows:

Please allow me to introduce myself, I am the bringer of bad news and taste.

The trans community is about to have its own #metoo movement. I'm the one who has been running the Rumer's Anonymous blog. Do you like it? I know you read it, I know you scan reddit for the horror stories people post about you. I know you are slowly going insane from watching your reputation slowly on the decline. Do you know how many submissions I get from people that you hurt? It's all going to come to light soon enough.

Enjoy the inevitable.

4

Pleased to meet you, I hope you try to guess my name.

This is one of many threats, often referencing The Rolling Stones' lyrics, made by John Doe 1 and/or Jane Doe 1 to tarnish Plaintiffs' reputations.

14.    It is believed, and therefore averred, that the Website is hosted at IP Address 162.158.63.49. From said IP Address, it appears the Website is maintained by the Internet Service Provider CloudFlare, Inc.

15.    Based on the present state of the Website, and the repeated threats made by John Doe 1 and/or Jane Doe 1, the injury to Plaintiffs' reputation will continue until the Website's creator is held accountable in a Court of Law.

**COUNT I**
*Libel Per Se*
<u>Plaintiffs v. John Doe 1 and/or Jane Doe 1</u>

16.    Plaintiffs incorporate paragraphs "1" through "15" by reference as though the same were set forth herein *in extenso*.

17.    The statements posted by John Doe 1 and/or Jane Doe 1 on the Website, as more fully described in Paragraph 11 above herein, disparages Plaintiffs' competence and integrity in its trade and business, thus constitution libel *per se*.

18.    The libelous statements were authored and posted online by John Doe 1 and/or Jane Doe 1.

19.    The Website is accessible to anyone with internet access. John Doe 1 and/or Jane Doe 1 has gone out of his/her way to promote the website by posting links to it on other social media websites such as Reddit.com. This conduct made the libelous statements contained on the Website highly visible.

5

20.     John Doe 1 and/or Jane Doe 1's defamatory blog was readily understood by its readers to be about Plaintiffs, and as a direct result thereof, Plaintiffs have suffered a permanent false taint and substantial professional harm to their business reputations.

**WHEREFORE**, Plaintiffs demand judgment against John Doe 1 and/or Jane doe 1 (the identity of which will be determined through further discovery), individually and/or jointly and severally, in an amount in excess of $75,000.00, together with all applicable interest, costs, and fees, as well as any other available relief.

**COUNT II**

*Commercial Disparagement*
Plaintiffs v. John Doe 1 and/or Jane Doe 1

21.     Plaintiffs incorporate paragraphs "1" through "20" by reference as though the same were set forth herein *in extenso*.

22.     Dr. Rumer and the staff of Rumer Cosmetics have been approached by existing and/or prospective customers who have seen the defamatory statements posted on the Website by John Doe 1 and/or Jane Doe 1. Said customers commented and/or question Dr. Rumer and Rumer Cosmetics' staff about the statements.

23.     Internet post, such as the Website blog published by John Doe 1 and/or Jane 2, are permanently archived on the Website's host served, and can still be accessed even if removed or deleted.

24.     Additionally, a "screenshot" and/or other permanent replications of the Website can be easily created and readily available to anyone reading the Website, which is still online as of the filing of this Complaint.

6

25.     Plaintiffs have suffered financial loss as a direct result of the damage to their business reputation resulting from the defamatory online statements published by John Doe 1 and/or Jane Doe 1.

**WHEREFORE**, Plaintiffs demand judgment against John Doe 1 and/or Jane doe 1 (the identity of which will be determined through further discovery), individually and/or jointly and severally, in an amount in excess of $75,000.00, together with all applicable interest, costs, and fees, as well as any other available relief.

**COUNT III**
*Intentional Interference with Business Relationships*
Plaintiffs v. John Doe 1 and/or Jane Doe 1

26.     Plaintiffs incorporate paragraphs "1" through "25" by reference as though the same were set forth herein *in extenso*.

27.     The conduct described in Paragraphs 11 and 12 above herein constitutes a concerted effort by John Doe 1 and/or Jane Doe 1 to interfere with Plaintiffs' existing and prospective business relationships. In fact, interfering with said relationships is John Doe 1 and/or Jane Doe 1's stated intentions in creating the Website.

28.     John Doe 1 and/or Jane Doe 1's conduct as described herein was wrongful and without justification or privilege.

29.     John Doe 1 and/or Jane Doe 1's conduct as described herein was intentional and was deliberately designed to cause harm to Plaintiffs.

30.     Plaintiffs have suffered, and will continue to suffer, financial loss as a direct result of John Doe 1 and/or Jane Doe 1's wrongful interference with Plaintiffs' existing and/or prospective business relationships.

7

WHEREFORE, Plaintiffs demand judgment against John Doe 1 and/or Jane doe 1 (the identity of which will be determined through further discovery), individually and/or jointly and severally, in an amount in excess of $75,000.00, together with all applicable interest, costs, and fees, as well as any other available relief.

### COUNT IV
*Invasion of Privacy: Public Disclosure of Private Fact*
Dr. Rumer v. John Doe 1 and/or Jane Doe 1

31.  Plaintiffs incorporate paragraphs "1" through "30" by reference as though the same were set forth herein *in extenso*.

32.  As stated above, John Doe 1 and/or Jane Doe 1 published Dr. Rumer's personal address and financial information on the Website.

33.  The information on the Website was accessible, and still is accessible, to anyone with internet access.

34.  Information regarding Dr. Rumer's personal address and finances is private and never disclosed to the average patient.

35.  John Doe 1 and/or Jane Doe 1's publicity of Dr. Rumer's personal address and financial information is highly offensive to a reasonable person, and further is highly offense to Dr. Rumer.

36.  Dr. Rumer's personal address and financial information is not a matter of legitimate concern to the public and evidences John Doe 1 and/or Jane Doe 1's ongoing motive to repeatedly harass, discredit, smear, tarnish the reputation of, and annoy Dr. Rumer.

37.  John Doe 1 and/or Jane Doe 1's repeated, continual, and substantial publicity of Dr. Rumer's private information was outrageous, willful, malicious, and intentionally designed to and actually did cause economic and professional harm to Dr. Rumer.

38.     Dr. Rumer suffered substantial monetary and non-economic harm from the Website's publication.

39.     John Doe 1 and/or Jane Doe 1's conduct was reckless and/or intentional and/or wanton and/or outrageous and he/she is, therefore, liable to Dr. Rumer for punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against John Doe 1 and/or Jane doe 1 (the identity of which will be determined through further discovery), individually and/or jointly and severally, in an amount in excess of $75,000.00, together with all applicable interest, costs, and fees, as well as any other available relief.

Respectfully submitted,

**ROGERS CASTOR**

By:

Lance Rogers, Esq.
Brian T. Newman, Esq.
ROGERS CASTOR
Attorney I.D. No. 87,546 / 324,891
26 East Athens Avenue
Ardmore, PA 19003
610-649-1880 / 877-649-1880 (fax)
*Attorneys for Plaintiffs*

Dated: 1/23/2020

9