IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Delaware Valley Aesthetics, PLLC et al.,** : | | CIVIL ACTION |
| *Plaintiffs,* : | | |
| : | | |
| v. : | | No.   20-0456 |
| : | | |
| **Doe et al.,** : | | |
| *Defendants.* : | | |

**MEMORANDUM**

**Kenney, J.**                                                                                           **December 14, 2021**

## I.   INTRODUCTION

Plaintiffs bring this Motion for Alternative Service and request leave to serve Defendant John Doe 1 by email. ECF No. 53. Because this Court finds that Plaintiffs have made good faith efforts to locate and serve Defendant John Doe 1, and because service by email is reasonably calculated to provide notice, the Court grants Plaintiffs' Motion.[1]

## II.   BACKGROUND

Plaintiffs filed their Complaint on January 23, 2020, alleging that Defendants maintained and edited a website, *Kathy Rumer's Anonymous*, and through this website and other conduct, Defendants committed libel *per se*, commercial disparagement, intentional interference with business relationships,

---

[1] Plaintiffs' Motion, ECF No. 53, also requests that the deadline for fact discovery be extended to coincide with the expert discovery deadline of March 4, 2022. The Court grants this request as well.

and invasion of privacy. Compl, ECF No. 1. At the time of filing the Complaint, Plaintiffs did not know the identities or addresses of Defendants. In the ensuing months, Plaintiffs worked to determine Defendants' identities and locations and hired investigators to assist in that effort. Nearly a year later, on December 4, 2020, Plaintiffs amended the Complaint to name one of the defendants. The Court refers to this defendant as Jane Doe.

Plaintiffs continued to search for the identity of the second defendant, John Doe 1.[2] Throughout this time, John Doe 1 was aware of this litigation and emailed Plaintiffs' attorney, stating that Plaintiffs would "NEVER find [John Doe 1's] identity" but were welcome to "continue this fool's errand." Pl. Mem. Ex. 1 & 2, ECF No. 53.

After months of fruitless investigation, this Court ordered Plaintiffs to identify John Doe 1 in an amended complaint by November 15, 2021, or the Court would dismiss John Doe 1 from the case. ECF No. 40. Plaintiffs filed a Second Amended Complaint identifying John Doe 1. ECF No. 46. Summons were issued to both defendants on November 23, 2021. ECF No. 23.  Plaintiffs attempted to serve the Second Amended Complaint via overnight delivery to John Doe 1's last known address but were unsuccessful. Pl. Mem. at 3; Pl. Mem. Ex. 3. According to communications between Jane Doe and John Doe 1, the address Plaintiffs

---

[2] The Court refers to the second defendant as John Doe 1 to pseudonymize the individual. The pseudonym is not a reflection of or statement of the Court regarding the defendant's gender.

identified is no longer John Doe 1's mailing address. Pl. Mem. at 4; Pl. Mem. Ex. 4 at 1-4.

### III. STANDARD OF REVIEW

If an alternative form of service is necessary, Federal Rule of Civil Procedure 4(e)(1) allows service that meets the requirements of state law in the state where the district court is located. In Pennsylvania, plaintiffs may move for a special order directing an alternative method of service. Pa. R. Civ. P. 430.

"Alternative service is only appropriate as a 'last resort' when regular service cannot be made." *Deutsche Bank Nat'l Tr. Co. v. Marjer, Inc.*, No. 14-2422, 2014 WL 5410203, at *3 (E.D. Pa. Oct. 24, 2014). Before a court will allow an alternative form of service, the plaintiff must show that 1) the plaintiff has made a good faith effort to locate the defendant, 2) the plaintiff has made practical efforts to serve the defendant under the circumstances, and 3) the proposed alternative is reasonably calculated to provide the defendant with notice of the proceedings against them. *Id.*

### IV. DISCUSSION

First, Plaintiffs must show that they have made good faith efforts to locate John Doe 1. Plaintiffs searched for John Doe 1's identity for more than a year, expending significant resources and hiring investigators. Despite John Doe 1's efforts to conceal their location and identity, Plaintiffs identified the defendant's name and a last known address. This Court finds that Plaintiffs made a good faith effort to locate John Doe 1.

Next, Plaintiffs must show that they have made practical efforts to serve the defendant under the circumstances. Plaintiffs attempted to serve John Doe 1 with the Second Amended Complaint via overnight delivery to John Doe 1's last known mailing address. Pl. Mem. Ex. 3. Although this Court recognizes that Plaintiffs only made one attempt at service to this address, given John Doe 1's representation that they no longer reside there, Pl. Mem. Ex. 4, and John Doe 1's efforts to evade service in general, this Court finds that Plaintiffs have already made practical efforts to serve the defendant and will not require Plaintiffs to reattempt service at an address that may be out-of-date.

Because Plaintiffs made good faith and practical efforts to locate and serve the defendant, the Court must determine whether the proposed alternative method of service is reasonably calculated to provide the defendant with notice. Plaintiffs seek leave to serve John Doe 1 by email. The Court finds that this method is reasonably calculated to provide notice for two reasons. First, John Doe 1 has previously used the proposed email address to communicate with Plaintiffs' counsel. Pl. Mem. Ex. 1. Service to John Doe 1's known email address will likely be received and is reasonably calculated to provide notice. *Genus Lifesciences Inc. v. Tapasya Engineering Works Pvt. Ltd.*, No. 20-cv-3865, 2021 WL 915662, at *4-5 (E.D. Pa. March 10, 2021) (finding that service to party's known email address satisfied due process). Second, considering the defendant's communications with Plaintiffs' counsel and discussion of this litigation on the website at issue, Pl. Mem. Ex. 1 & 2, John Doe 1 presently has notice of the proceedings against them

and is actively attempting to evade service of process. In this circumstance, the defendant would not be prejudiced by allowing an alternative method of service.

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**. Plaintiffs shall serve the Second Amended Complaint and Summons on John Doe 1 via the email address specified in Plaintiffs' Motion. An appropriate order follows.

**BY THE COURT**:

/s/ Chad F. Kenney_____

**CHAD F. KENNEY, JUDGE**